O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER OTERO, an individual, et al.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>　　　　Defendants.<br>_____ | Case No. CV 12-01375 DDP (JEMx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DFEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. Nos. 5, 8] |

　　Presently before the court is Defendant Federal National Mortgage Association ("Fannie Mae")'s Motion to Dismiss. Having considered the submissions of the parties

**I.　Background**

　　In April 2007, Plaintiffs obtained a home loan from Bank of America and executed a promissory note in favor of Bank of America, secured by a Deed of Trust, under which PRLAP, Inc. was named Trustee and Bank of America was the beneficiary. (Complaint ¶¶ 5-7, Ex. A.)[1]

---

[1] Though the complaint alleges that Plaintiffs obtained a loan in July 2009, the Deed of Trust, attached as an exhibit to the complaint, is dated April 12, 2007.

Plaintiffs were unable to make payments on the loan, and on June 9, 2009, Defendant NDEX West, LLC (NDEX) recorded a Notice of Default as agent for beneficiary Bank of America. (Request for Judicial Notice, Ex. B).[2] On August 13, 2009, Bank of America substituted NDEX as Trustee. (RJN, Ex. C.) On November 2, 2010, NDEX recorded a Notice of Trustee's Sale. (RJN, Ex. D.) The Notice of Trustee's Sale did not list the beneficiary of the Deed of Trust.

Fannie Mae was the highest bidder at the foreclosure sale, which occurred on April 11, 2011. (RJN, Ex. E). On July 11, 2011, three months after the sale but before the recording of the Trustee's Deed Upon Sale, Bank of America assigned its interest in the Deed of Trust to Fannie Mae. (RJN, Ex. F.) Ten days later, on July 21, NDEX recorded a Trustee's Deed Upon Sale in favor of Fannie Mae. (RJN, Ex. E). The Trustee's Deed Upon Sale, however, stated "The Grantee herein WAS the foreclosing beneficiary." (Id.)

On December 29, 2011, Plaintiffs filed a complaint in state court alleging causes of action for (1) wrongful foreclosure, (2) set aside trustee sale, (3) cancel trustee's deed, (4) quiet title, (5) breach of contract, (6) violation of [California] Business and Professions Code § 1572, and (7) intentional misrepresentation. Fannie Mae subsequently removed to this court, and now moves to dismiss the entire complaint. Plaintiffs move to remand this case to state court.

**II. Legal Standard**

---

[2] The exhibits to Plaintiffs' complaint are practically illegible. Where possible, the court therefore cites to identical documents identified in Defendant's Request for Judicial Notice, which is granted. The court

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

3

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**III. Discussion**

A. Plaintiffs' Motion to Remand

This case was properly removed to this court. Plaintiffs argue that the parties are not diverse because Fannie Mae has several different regional offices. (Remand Mot. at 5.) This argument ignores the fact that Fannie Mae is a citizen of Washington, D.C., where it maintains its headquarters and "nerve center." Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192 (2010). While Plaintiffs argue that they only seek to cancel the Trustee's Deed Upon Sale, the complaint explicitly seeks to quiet title to the property at issue, which is valued far above the jurisdictional minimum. See Rodriguez v. Wells Fargo Bank, N.A., No. 11-cv-05172 RMW, 2011 WL 6304152 at *3 (N.D. Cal. Dec. 16, 2011). Plaintiffs' Motion to Remand is therefore denied.

4

1    B.   Defendant's Motion to Dismiss

2    Fannie Mae argues that Plaintiffs may not bring any
3 foreclosure-related claims absent a viable tender of the amount of
4 Plaintiffs' indebtedness. (Mot. at 3.) "A tender is an offer of
5 performance made with the intent to extinguish the obligation."
6 Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App.3d 575, 580 (1984)
7 (citing Cal. Civ. Code, § 1485). "When a debtor is in default of a
8 home mortgage loan, and a foreclosure is either pending or has
9 taken place, the debtor must allege a credible tender of the amount
10 of the secured debt to maintain any cause of action for wrongful
11 foreclosure." Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D.
12 Cal. 2009). The tender requirement spares courts from being called
13 upon to "order a useless act performed" in cases where plaintiffs
14 would be unable, even under proper sale procedures, to redeem a
15 property. FPCI RE-HAB 01 v. E & G Investments, Ltd., 207
16 Cal.App.3d 1018, 1021-22 (1989).

17   Plaintiffs appear to argue that an exception to the tender
18 rule applies here. (Opp. at 7-8.) Indeed, an equitable exception
19 may apply where it would be inequitable to require tender. Onofrio
20 v. Rice, 55 Cal. App. 4th 413, 424 (1997). Courts have applied the
21 equitable exception to the tender rule where plaintiffs contest the
22 validity of a foreclosure prior to the foreclosure sale. See,
23 e.g., Tamburri v. Suntrust Mortgage, Inc., 2011 WL 6294472 *3, 5
24 (N.D. Cal. December 15, 2011); Sacchi v. Mortgage Electronic
25 Registration Systems, Inc., 2011 WL 2533029 *9-10 (C.D. Cal. June
26 24, 2011). The exception does not apply, however, in post-
27 foreclosure situations such as this one. See, e.g., Rowen v. Bank
28

of America, N.A., No. CV 12-1762 CAS, 2012 WL 2160632 at *8 (C.D. Cal. 2012).

Plaintiffs further argue that they have sufficiently alleged tender. (Opp. at 7.)  The Complaint alleges that "Plaintiffs are ready, willing and able to pay the monthly mortgage payments, given but not limited to financing," and that they have satisfied any tender requirement "in that [Plaintiffs] are ready and willing to submit an application for a loan modification in order to work out some sort of agreement with the bank to allow them to make more affordable payments . . . . (Complaint ¶¶ 15, 19.)  The tender rule, however, requires that Plaintiffs offer to pay the full amount of the debt. Arnolds Mgmt., 158 Cal. App. 3d at 578. Having offered only to make resumed or reduced monthly payments, Plaintiffs have not satisfied the tender rule.  Because all of Plaintiff's causes of action are related to their wrongful disclosure claims, the complaint must be dismissed.[3]  Id. at 579.

**IV. Conclusion**

For the reasons stated above, Plaintiffs' Motion to Remand is DENIED.  Defendant Fannie Mae's Motion to Dismiss is GRANTED. IT IS SO ORDERED.

Dated:  November 9, 2012

DEAN D. PREGERSON
United States District Judge

---

[3] Plaintiff's first cause of action for wrongful foreclosure makes reference to California Civil Code § 2923.5.  Tender is not required when plaintiffs bring suit under California Civil Code section 2923.5.  Das v. WMC Mortgage Corp., No. C10-0650 PVT, 2010 WL 4393885 *2-3 (N.D. Cal. Oct. 29, 2010).  There is, however, no post-sale remedy for violations of California Code Section 2923.5. Mabry v. Superior Court, 185 Cal. App. 4th 208, 235 (2010).